CODMAN et al. v. AMIA.

(Circuit Court of Appeals, First Circuit. May 21, 1896.)

No. 159.

1. PATENTS—NOVELTY—IMPROVEMENT IN ATOMIZERS.
There is no patentable novelty in securing directly to the cap or stopper of an atomizer a nozzle adapted to be applied to the nostrils, or in so constructing the cap or stopper that its top shall form a seat for the nozzle.

2. SAME.
    The Shurtleff patent, No. 447,064, for an improvement in atomizers, is void, as to claims 1 and 2, for want of novelty and invention. 70 Fed. 710.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a bill by Benjamin S. Codman and others against Joseph Amia for alleged infringement of a patent for an improvement in atomizers. The circuit court dismissed the bill on the ground that the patent was void, as to the claims sued on, for want of patentable invention. 70 Fed. 710. Complainants appeal.

James H. Lange and Odin B. Roberts, for appellants.
Arthur v. Briesen, for appellee.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

COLT, Circuit Judge. This is an appeal from the decree of the circuit court dismissing the bill of complaint. The suit is brought for infringement of letters patent No. 447,064, granted to A. M. Shurtleff, February 24, 1891, for an improvement in atomizers. The complainants rely upon claims 1 and 2. . The object of the patented improvement is the production of an atomizer adapted to be applied to the nostrils. If a tube with a small orifice at its upper end be inserted in a vessel containing liquid, and the end of another tube, with a contracted opening, through which air can be blown, be placed in close proximity to the end of the liquid tube, a current of air blown through the air tube will force up the liquid through the liquid tube, and break it into spray. This was the early and crude form of atomizer. The first improvement in this old form was to secure the liquid tube in the cap or stopper of the vessel, and to attach the air tube to the liquid tube. The air tube was also provided with an air-forcing bulb. The next improvement was to provide the cap or stopper with a drip channel which causes the drippings of the fluids from the atomizing orifices to flow back into the liquid vessel. This was the feature of the Essex patent of June 27, 1871. The Essex device was sometimes used with a nozzle piece or tube intended to be placed in proximity to the atomizing orifices, to direct the spray into the mouth or other parts of the body. The Shurtleff patent simply describes a compact form of atomizer, which is better adapted for nasal purposes. The specific improvement set out in the first claim consists in having the nozzle "secured directly to" the "cap or stopper, and adapted to be applied in the nostrils, and in open communication with the interior" of the vial; and in the second claim it consists of a cap or stopper having "its top formed with a seat for the nozzle." An examination of the Essex patent of June 27, 1871, the Stanley patent of September 19, 1876, the Heine patent of March 1, 1881, and the German Osterwald patent of January 22, 1886, clearly shows that there was no invention in these improvements. Without entering further into the subject of the prior art, we are satisfied that all the elements of the

Shurtleff device were old, and that there was no patentable novelty in securing directly to the cap or stopper of an atomizer a nozzle adapted to be applied to the nostrils, or in so constructing a cap or stopper that its top formed a seat for the nozzle. The fact that this device may have gone into general use, and may have displaced other devices previously used for the same or analogous purposes, might be sufficient to turn the scale in favor of patentability, if the question of invention were doubtful; but it is not sufficient in this case, where the court is clearly satisfied that there was no invention, in view of what was old and well known. The conclusion we have reached is that claims 1 and 2 are void for want of patentable novelty. The decree of the circuit court is affirmed, with costs.